This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37257

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PABLO VALLEJO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler-Gray, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Martha Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly M. Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}**     Defendant appeals his conviction for failure to register as a sex offender. This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition, which we duly considered, and this Court then issued a second notice of proposed disposition, proposing to reverse. In response to our second notice, the State filed a notice that it would not oppose our proposed reversal.

Defendant filed a memorandum in support of the proposed reversal, while also requesting clarification of whether Defendant can be retried following remand.

**{2}** As no issues, facts, or law were raised in response to our proposed second calendar notice, we reverse Defendant's conviction for the reasons stated therein. To the extent Defendant seeks clarification on whether he can be retried following remand, we conclude that as to the facts charged in this case, alleging failure to register at six months, he cannot be retried for a non-existent crime and dismiss his case alleging a six-month failure to register with prejudice. *See State v. Johnson*, 1985-NMCA-074, ¶ 24, 103 N.M. 364, 707 P.2d 1174 (finding that no crime existed for attempted depraved mind murder and unintentional attempted second degree murder, but that intentional attempted second degree murder may exist, and remanding only for the charges of attempted second degree murder).

**{3}** It appears from the record in this case that Defendant was only charged with an alleged failure to register on July 15, 2015, which supported the State's theory of Defendant's failure to register after six months. [RP 1] At this time, and due to the lack of information in the record, we decline to decide whether potential future charges would violate double jeopardy. *See State v. Apodaca*, 1997-NMCA-051, ¶ 17, 123 N.M. 372, 940 P.2d 478 (stating that a defendant has a constitutional right for an immediate appeal from an order denying a motion to dismiss on grounds of double jeopardy).

**{4}** Accordingly, we reverse Defendant's convictions.

**{5}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JENNIFER L. ATTREP, Judge**